IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE L. FLORES, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:21-CV-270 |
| | § | |
| SAN ANTONIO INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant. | § | PLAINTIFF DEMANDS A JURY TRIAL. |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes JOSE L. FLORES, hereinafter referred to as the Plaintiff or as Mr. Flores, complaining of the SAN ANTONIO INDEPENDENT SCHOOL DISTRICT, hereinafter referred to as SAISD or as the Defendant, and as and for his causes of action against the Defendant, Plaintiff would respectfully show the Court as follows:

### JURISDICTION

(1)    This is a civil action brought pursuant to the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq., wherein the Plaintiff, JOSE L. FLORES, alleges that his former employer, the Defendant SAN ANTONIO INDEPENDENT SCHOOL DISTRICT, discriminated against him on the basis of his disability, in violation of 42 U.S.C. § 12112 (a), and retaliated against him for complaining about the District's failure and/or refusal to reasonably accommodate his disabilities, and for filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission, in violation of 42 U.S.C. § 12203(a).

### VENUE

(2)    Venue of this civil action is proper in the Western District of Texas, San Antonio

Division.

## PARTIES

(3) The Plaintiff, JOSE L. FLORES, is an individual who resides in Floresville, Wilson County, Texas. At all times material and relevant hereto, the Plaintiff was a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12112, and was an "employee" of the Defendant, as that term is defined at 42 U.S.C. § 12111(4).

(4) The Defendant, SAN ANTONIO INDEPENDENT SCHOOL DISTRICT, is an independent school district created and organized under the laws of the State of Texas. The District owns and operates public schools in San Antonio, Bexar County, Texas. At all times material and relevant hereto, the Defendant was the Plaintiff's "employer," as that term is defined at 42 U.S.C. § 12111(5) (A).

For purposes of applying the provisions of 42 U.S.C. § 1981a (b) (3), Plaintiff alleges that Defendant has, and had at all times material and relevant hereto, more than 500 employees in each of 20 or more calendar weeks.

The Defendant may be served with summons herein by delivering the same to its Superintendent, Mr. Pedro Martinez, at 141 Lavaca Street, San Antonio, Bexar County, Texas 78210.

## FACTS

(5) The Plaintiff, JOSE L. FLORES, was hired by the Defendant SAISD, on or about January 13, 2017 as a Special Education Teacher at Thomas Edison High School.

(6) In August of 2017, Mr. Flores disclosed to his Principal that he suffers from multiple disabilities, and he requested that he be granted reasonable accommodations of/for his disabilities

beginning with the school year 2017-2018, which began in late August of 2017. The Principal agreed to pass on the information that Mr. Flores provided to the District's Human Resources Department, but it was not until November 10, 2017 that the District finally responded to Mr. Flores' request for an accommodation.

(7) On November 10, 2017, the District and Mr. Flores met and discussed his request for a reasonable accommodation, and the parties agreed that Mr. Flores would be provided a private workspace, without excessive noise or other distractions.

(8) From November of 2017 to July of 2018, the accommodations which the District had agreed to provide Mr. Flores worked well, but, in August of 2018, with the arrival of a new administration at the High School, the District, without explanation, refused to continue to provide those accommodations.

(9) After attempting for several months to persuade the District to reinstate the accommodations which he had previously been provided, without success, Mr. Flores filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (the EEOC) on October 10, 2019, which charge was assigned Charge No. 451-2020-00124. A true and correct copy of that charge is attached hereto as Exhibit A. In that charge, Mr. Flores alleged that he had disclosed to the District his disabilities, that he had requested a reasonable accommodation, that there had not been any interactive process, and that the District had not offered him any accommodations.

(10) Approximately one (1) month later, on or about November 12, 2019, the District assigned Mr. Flores to a workspace, which it characterized as an accommodation of/for his disabilities, but which was not, in reality, an accommodation at all.

(11) In the months that followed, Mr. Flores continued to complain to the District about

the workspace to which he had been assigned, to no avail.

(12) On April 9, 2020, he was notified that his employment with the District was being terminated.

(13) On April 14, 2020, Mr. Flores filed a second charge of discrimination with the EEOC, alleging that the District had continued to discriminate against him on the basis of his disability and had retaliated against him because he had filed his October 2019 charge. A true and correct copy of that charge is attached hereto as Exhibit B.

(14) On December 17, 2020, the EEOC issued Notices of Right to Sue to Mr. Flores with respect to both charges, and this civil action is being timely filed.

(15) All jurisdictional prerequisites and conditions precedent have occurred or have been satisfied.

## CAUSES OF ACTION

(16) The Plaintiff, JOSE L. FLORES, now sues the Defendant, SAN ANTONIO INDEPENDENT SCHOOL DISTRICT,, alleging that the Defendant violated the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq., by failing or refusing to reasonably accommodate his disabilities, and by discharging him because of his disabilities, because he complained about the Districts failure/refusal to reasonably accommodate his disabilities, and because he filed a charge of discrimination with the EEOC. As relief from said violations of law, Mr. Flores seeks to recover from the District all remedies available to him under 42 U.S.C. § 12117, including but not limited to (a) reinstatement, (b) front pay in lieu of reinstatement, (c) back pay, (d) interest on back pay, (e) attorney's fees and (f) court costs, and, pursuant to 42 U.S.C. § 1981a, he also seeks to recover (g) compensatory damages in the maximum amount permitted by law.

## JURY DEMAND

(17)     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial of this civil action.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, JOSE L. FLORES, respectfully prays that summons be duly issued and served upon the Defendant, SAN ANTONIO INDEPENDENT SCHOOL DISTRICT, and that, upon final hearing hereof, he shall have and recover judgment of and from said Defendant for the relief requested hereinabove, and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

GLEN D. MANGUM
Texas State Bar No. 12903700

315 E. Euclid
San Antonio, Texas 78212-4709
Telephone No. (210) 227-3666
Telecopier No. (210) 595-8340
E-mail: gmangum@sbcglobal.net

**ATTORNEY FOR PLAINTIFF
JOSE L. FLORES**